**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4149
_____

UNITED STATES OF AMERICA

v.

JERROD CURTIS,
                            Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No.:  3-07-cr-00214-001)
District Judge:  Honorable James M. Munley

_____

Submitted under Third Circuit LAR 34.1(a)
on September 8, 2014

Before:  RENDELL, GREENAWAY, JR. and KRAUSE, Circuit Judges

(Opinion filed:  September 10, 2014)

_____

O P I N I O N
_____

**RENDELL**, Circuit Judge:

Defendant Jerrod Curtis claims the District Court committed procedural error in revoking his supervised release. For the reasons set forth below, we will reject Curtis's arguments and will affirm the District Court's judgment.

# I. Factual Background

While on supervised release for a previous federal conviction, Curtis was arrested at the house where he was staying in connection with a drug sting. Police found heroin, brass knuckles, and firearm ammunition in the house. Curtis was then charged in a Pennsylvania state court with "Possession With Intent to Deliver a Controlled Substance, Criminal Conspiracy to Possess with Intent to Deliver Heroin, and Criminal Use of a Communication Facility." (App. 91.) Curtis pleaded guilty to the third charge, Criminal Use of a Communication Facility, and as a result was sentenced to time served and two years of probation.

Based on these charges, the U.S. Probation Office contended that Curtis violated three conditions of his supervised release by: committing a state crime involving a controlled substance offense, associating with a known felon, and possessing firearm ammunition as well as a pair of brass knuckles. (App. 91-92.) At the revocation hearing, Curtis admitted to being in possession of brass knuckles, associating with a known felon, and acting in violation of the state crime against Criminal Use of a Communication Facility, but denied the remaining charges.

Two factual disputes arose during the revocation hearing. The first was whether Curtis distributed, and/or possessed with intent to distribute, drugs, and the second was whether Curtis possessed firearm ammunition in addition to the admitted brass knuckles. (App. 25.) The District Court revoked Curtis's supervised release, finding that he had committed all the alleged violations. (App. 67-69.) The District Court then sentenced Curtis to 22 months of imprisonment. (App. 72.)

2

## II. <u>Discussion</u>

A district court's decision to revoke supervised release must be based on a finding that the defendant, according to a preponderance of the evidence, violated a condition of supervised release. 18 U.S.C. § 3583(e)(3). We review that decision "for abuse of discretion. However, the factual findings supporting that decision are reviewed for clear error; legal issues are subject to de novo review." *United States v. Maloney*, 513 F.3d 350, 354 (3d Cir. 2008) (citations omitted).

Curtis appeals the revocation of his supervised release on one basis, namely, that the District Court failed to comply with Federal Rule of Criminal Procedure 32(i)(3)(B). That rule states that "[a]t sentencing the court . . . must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Curtis contends that the District Court did not rule on certain factual disputes at the revocation hearing: (1) whether Curtis possessed and/or distributed heroin; and (2) whether he possessed the firearm ammunition. At the outset, it is not clear whether Rule 32(i)(3)(B) applies to revocation hearings. Even assuming *arguendo* that it does apply here, the District Court properly followed the rule in this case.

In *United States v. Fumo*, we found that the District Court abused its discretion when it failed to resolve a specific factual dispute as required by Rule 32. 655 F.3d 288 (3d Cir. 2011) (internal quotation marks omitted). There, the District Court said "because of the complexity of the . . . argument . . . I felt I could not properly resolve it before

3

sentencing. Rather than postpone the sentencing, I declined to rule on it." *Id.* at 310-11. We found that "[a] district court should not refuse to find or calculate a loss because of the complexity of the dispute or because spending the time to resolve the dispute might delay sentencing." *Id.* at 311. Accordingly, we found reversible error by the district court.

By contrast, here the District Court resolved all cited factual disputes at the revocation hearing. The District Court noted that "[t]he evidence is both direct and circumstantial that" Curtis used a communication facility, that 170 bags of heroin were found in his house, that he associated with a convicted felon, and that "there was a pair of brass knuckles and that there [were] rounds of ammunition." (App. 67-68.) In conjunction with witness testimony, the Court thereby found Curtis committed a Grade A violation of his conditions of supervised release, i.e., a controlled substance offense. When asked by the Government to clarify whether the District Court found "in fact, [that Curtis] committed . . . a controlled substance offense," the Court responded affirmatively. (App. 68-69.) In imposing Curtis's sentence, the Court explicitly stated that "he engaged in serious drug-dealing activities." (App. 72.) In addition, the Court found that Curtis possessed firearm ammunition, specifically, that "the evidence is beyond a reasonable doubt with regard to [the possession of firearm ammunition]." (App. 68.)

Thus, the Court did, in fact, rule that Curtis committed a controlled substance offense, and that he possessed firearm ammunition. In doing so, the Court necessarily rejected Curtis's arguments that the drugs and firearm ammunition in the house did not belong to him. Therefore, the District Court was not in violation of Rule 32(i)(3)(B).

4

## III. <u>Conclusion</u>

For the foregoing reasons, we will affirm the District Court's judgment.